UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

EIVY GARCIA,

                              Plaintiff,                                    FIRST AMENDED

       v.                                                                    COMPLAINT

                                                                             JURY TRIAL DEMANDED

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
POLICE DETECTIVE ARMEL MOORE,
NEW YORK CITY POLICE
OFFICERS JOHN AND JANE DOE #1-#5,
individually and in their official capacities,
(the names "FNU" "John Doe" and "Jane Doe" being
fictitious as their complete names and/or current
identities are presently unknown,

                              Defendants.

---------------------------------------------------------------X

       Plaintiff EIVY GARCIA, through his attorneys Geoffrey Stewart and Moira Meltzer-

Cohen, as and for his complaint, does hereby state and allege:

**PRELIMINARY STATEMENT**

       This is a civil rights action brought to vindicate plaintiff's rights under the Fourth, Fifth, Eighth

and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of

1871, *as amended*, codified as 42 U.S.C. § 1983 and by the laws and Constitution of the State of New

York.

       Plaintiff Eivy Garcia's  right to be free from unreasonable seizures, to be free from excessive

physical punishment and to receive due process under the law were violated when officials of the

New York City Police Department ("NYPD") used gratuitous, unnecessary force against him on

1

March 13 and March 14, 2015 causing Mr. Garcia to suffer physical pain and psychological harm. By reason of defendants' use of excessive force, and the failure of John and Jane Doe officers #1 to #5 to intervene, Mr. Garcia was deprived of his rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments. Plaintiff also asserts supplemental state law claims.

Mr. Garcia seeks an award of compensatory and punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States. Venue is proper for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) in that Mr. Garcia's claim arose in the County of Kings in the State of New York, within the confines of this judicial district.

2. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367 as to any and all of Plaintiffs' claims arising under New York state law as such claims share a common nucleus of operative facts with Plaintiffs' federal claims herein.

## TRIAL BY JURY

3. Plaintiff demands a trial by jury on each and every one of his claims pleaded herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

4. Plaintiff Eivy Garcia was at all times relevant to this action a resident of the County of Kings in the State of New York.

5. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as

its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

6. Defendants NYPD Detective Armel Moore, NYPD Officers John Doe #1, and #2 (referred to collectively as the "officer-defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

7. The NYPD officer-defendants are being sued herein in their individual capacities.

8. At all times relevant herein, the officer-defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

9. The officer-defendants' acts and omissions hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of Mr. Garcia's rights.

**Statement of Facts**

10. Eivy Garcia is a hispanic young man who lives ith his mother, Ileana Cotto, his step-father, and his brothers and sisters in Brooklyn, New York.

11. On the morning of Friday, March 13, 2015  Plaintiff Eivy Garcia, then 15 years old,  and his mother went to the 90th precinct of the NYPD, on the advice of a NYPD school safety officer who indicated that police wanted to speak to Eivy Garcia in connection with an investigation regarding

another student.[1]

12.   Plaintiff's mother Ms. Cotto, her husband, and plaintiff Eivy Garcia  arrived at the NYPD 90th precinct around 10 am on March 13, 2015.

13.   Defendant NYPD Detective Armel Moore, along with a Spanish-speaking female officer, met them and brought them to an interrogation room.

14.   Defendant NYPD Detective Armel Moore indicated that he was treating Eivy as a suspect, as opposed to a witness, and asked whether Eivy was going to make a statement. Eivy's step-father replied that he did not think it would be appropriate for Eivy to speak to Detective Moore without being given more information about what was under investigation or why he was being interrogated.

15.   Detective Moore told the family that Eivy would be taken to the infamous Rikers Island and charged as an adult should he refuse to give a statement. About twenty minutes later, Eivy's step-father indicated that they had engaged an attorney and that Eivy would not make any statement.

16.   At that point, Detective Moore said, in substance, "I don't care if he has a lawyer, he's still getting arrested."

17.   Defendant Moore then took Eivy to a lineup room and left him there from about noon until two pm, with another adolescent named Gordon. He was not handcuffed but extremely fearful about being jailed at Riker's Island.  Eivy Garcia had never been arrested prior to that day.

18. At approximately two pm Eivy was photographed and fingerprinted. Also around that time, Gordon was given a sandwich, which he shared with Eivy.  Eivy was not given food.

19.   Eivy and Gordon remained in the lineup room from two pm until eight pm.

20.   At eight pm, Defendant NYPD Detective Moore returned to the lineup room to tell the young men that they would be going to court the next day. He took them downstairs and seated them on

---

1   A student alleged that Eivy had been present when other children stole his backpack. Eivy was never charged.

three connected chairs near the precinct desk, and in view of the cells holding adults.

21.   Eivy was seated on the far left of three connected seats. His right wrist was handcuffed tightly, with no space between his skin and the metal cuff. The other cuff was placed on the metal pole that ran under the three seats. Eivy's hand, therefore, was pulled between and beneath the seats. This severely contorted him, pulling his entire right side down, while forcing his back and behind to remain in the molded plastic seat.  Gordon was similarly cuffed to the right side of the row of chairs.

22.   Defendant Moore handed the handcuff keys to a white male uniformed NYPD officer working behind the precinct desk, Officer John Doe #1. Detective Moore and the other officer chatted for a few minutes, during which time Eivy grew increasingly uncomfortable. He informed the officers that his wrist was cuffed too tightly, and that he was in an extremely painful position. He asked them to loosen his cuffs; they both refused.

23.   Two to three hours later, around 11 pm, a Latino officer, John Doe #2, relieved the white officer behind the desk. The handcuff keys were conveyed to that officer, and again, Eivy asked for his cuffs to be loosened.  He did not loosen Eivy's cuffs.

24.   By this time, Eivy's hand was visibly swollen. Although the officer, John Doe #2, observed the swelling, he still refused to loosen the cuffs.

25.   Eivy was unable to sleep, having to constantly shift and adjust in the uncomfortable position, and with his hand becoming increasingly painful as the night progressed.

26.   Eivy asked for his handcuffs to be loosened twice more, and both times was refused, although he told officers that his hand was throbbing.

27.   He remained in that position from 8 pm until 8 am the following morning, Saturday, March 14, 2015.

28.   At 8 am, Detective Moore arrived, and Eivy and Gordon were returned to the interrogation room where he was uncuffed.  At 9 am, Eivy and Gordon were handcuffed together, and Detective

Moore took them to  the New York City Criminal Court at 100 Centre Street to the Juvenile Arraignment Court. They remained handcuffed together all the way to the court house, further aggravating Eivy's already swollen hand.

29.   At the Criminal Court, Defendant Detective Moore learned that there were no juvenile arraignments on the weekends and that Eivy Garcia should have been given an appearance ticket and released to his parents at the precinct.  He was informed that this could and should have been done the previous evening.  When it became clear that there would be no juvenile arraignments, and Eivy and Gordon, still handcuffed to each other, were taken back to the precinct. Eivy was uncuffed for the ride back to the 90th Precinct.

30.   When Eivy was finally released to his mother, many hours later, she noticed that his right hand, his dominant hand, was extremely swollen and discolored. She took photographs and took him to get medical attention at Woodhull Hospital in Brooklyn, NY.

31.   His hand remained visibly swollen and extremely painful for the next three days.

32.   The following Monday he was still in so much pain that he missed school and visited Dr. Bhatti, his primary care physician, who prescribed pain medication and noted damage to the hand and wrist.

33.   Since that time Eivy's wrist and hand have been stiff and painful, and he has the sensation of pins and needles.

34.   As a result of the injury Mr. Garcia was unable to play baseball consistently, or at the high level he had been playing before the injury. His abilities are diminished, and the injury prevents him from improving. He is no longer able to throw as quickly, and he feels electrical jolts and shocks in his right arm.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Excessive Force under 42 USC 1983)

35.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.  The level of force employed by defendants was objectively unreasonable and in violation of plaintiff EIVY GARCIA's constitutional rights. Plaintiff repeatedly complained to police officers that the prolonged and tight handcuffing was causing him pain.

37.  As a result of the aforementioned conduct of defendants, plaintiff was subjected to excessive force and sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Failure to intervene under 42 USC 1983)

38.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.  Defendants had an affirmative duty to intervene on behalf of plaintiff EIVY GARCIA whose constitutional rights were being violated in their presence by other officers.

40.  Defendants failed to intervene to prevent the unlawful conduct described herein.

41.  As a result of the foregoing plaintiff was subject to excessive force, and physical pain over an extended period of time causing plaintiff physical injury and emotional harm.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Municipal Liability under 42 USC 1983)

42.  Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

44.   The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK  Police Department included, but were not limited to, subjecting individuals to excessive force and unlawful physical punishment. . In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

45.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK AND THE NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff EIVY GARCIA.

46.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff EIVY GARCIA as alleged herein.

47.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK AND THE NYPD, plaintiff was unlawfully subjected to physical  abuse.

48.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional  rights.

49.   All of the foregoing acts by defendants deprived plaintiff EIVY GARCIA of federally protected rights, including, but not limited to, the right:

      **a.**     Not to be punished without due process of  law;

      **b.**     To be free from the use of excessive force and/or the failure to intervene.

50.   As a result of the foregoing, plaintiff EIVY GARCIA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

51.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.   Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

53.   The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

54.   This action was commenced within the applicable period of limitations. cause of action herein accrued. Plaintiffs have complied with all conditions precedent to maintaining the instant action.

55.   This action falls within one or more of the exceptions as outlined in N.Y. C.P.L.R. § 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Assault  under the law of the State of New York)

56.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.   As a result of the foregoing, plaintiff EIVY GARCIA  was placed in apprehension of imminent harmful and offensive bodily contact.

9

58.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

59.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered " l" through "58" with the same force and effect as if fully set forth herein.

60.   Defendants made offensive contact with plaintiff without privilege or consent.

61.   As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

62.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "l" through "51" with the same force and effect as if fully set forth herein.

63.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

65.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

66. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff EIVY GARCIA.

67.   As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR A NINTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

68.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "l" through "67" with the same force and effect as if fully set forth herein.

69.  Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the detention of plaintiff EIVY GARCIA.

70.  Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

**AS AND FOR A TENTH CAUSE OF ACTION**
(Negligent Training and Supervision under the laws of the State of New York)

71.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.  Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the detention of plaintiff EIVY GARCIA.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

73.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.  Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK, NYPD and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWELFTH CAUSE OF ACTION
*(Respondeat Superior* liability under the laws of the State of New York)

75.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.  Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77.  As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this  action.

**WHEREFORE,** plaintiff  EIVY GARCIA  demands judgment and prays for the following relief, jointly and severally, against the defendants:

**(A)** full and fair compensatory damages in an amount to be determined by a  jury:

**(B)** punitive damages in an amount to be determined by a jury:

**(C)**  reasonable attorney's fees and the costs and disbursements of this action;  and

**(D)** such other and further relief as appears just and  proper.

Dated: New York, New York
          January 8, 2019

Geoffrey St. Andrew Stewart, Esq.
Moira Meltzer-Cohen, Esq.
*Attorneys for the Plaintiff*
139 Fulton Street, Suite 508
New York, New York 10038
(212) 625-9696

By:   *Geoffrey Stewart*

Geoffrey S. Stewart

12